UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CITY OF ST. PAUL,<br><br>      Respondent,<br><br>v.<br><br>Mrs. SHARON ANDERSON,<br><br>      Appellant, | Civil No. 06-1607 (JMR/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on "Appellant" Sharon Anderson's "Application To Proceed Without Prepayment of Fees," (Docket No. 3), by which she is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915.  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Appellant Anderson's IFP application be denied, and that this case be closed.

Appellant Anderson initiated the present federal court proceedings on April 26, 2006, by filing a self-styled document entitled "Notice Of Removal And Removal To Federal Court And Petition For Immediate Temporary Injunctive Relief BarringTrial In State Court." (Docket No. 1.)  She did not tender any filing fee with her Notice of Removal, but instead applied for leave to proceed IFP.  (Docket No. 2.)

This Court reviewed Appellant Anderson's IFP application and accompanying submissions on May 2, 2006, and discovered that she had not complied with the federal removal statutes, because she did not submit copies of any of the process, pleadings and

orders from the state court action that she purportedly is attempting to remove to federal court. See 28 U.S.C. § 1446(a). That deficiency was called to Appellant Anderson's attention by the Court's prior order of May 2, 2006. (Docket No. 6.) That order informed Appellant Anderson that she "must submit copies of all process, pleadings, and orders served upon her in the state court action that she is attempting to remove, as required by 28 U.S.C. § 1446(a)." The order also expressly informed Appellant Anderson that if she did not file the required documents within ten days, the Court would recommend that her Notice of Removal be stricken, and that this removal proceeding be terminated.

The deadline for satisfying the requirements of the Court's prior order has now expired. To date, however, Appellant Anderson has not submitted any process, pleadings, or orders from the state court action that she purportedly is attempting to remove.[1] Therefore, based on the Court's express warning regarding the consequences that would follow if Appellant Anderson failed to comply with the requirements of the prior order, it is now recommended that this case be closed. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

---

[1] Appellant Anderson has submitted several anomalous documents, (Docket Nos. 8 and 9), but those materials clearly do not satisfy the requirements of the prior order, because they are not process, pleadings or orders from the state court action that she purportedly is attempting to remove.

IT IS HEREBY RECOMMENDED that:

1. Appellant Anderson's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

2. Appellant Anderson's "Notice of Removal," (Docket No. 1), be summarily stricken and vacated; and

3. This case be **TERMINATED AND CLOSED** by the Clerk of Court.

Dated: May 25, 2006

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 14, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.